Stewaet, J.,
dissenting. It seems to me that the majority of the court has yielded to the always alluring temptation to draft a new will as a substitute for the one written by the testatrix, and that an application of the ordinary and time-honored rules of will construction requires a different result from the one reached.
Unless there is a plain direction to the contrary, a will speaks as of the date of death of the one who makes it.
At the time of the death of testatrix, she was survived by her only child and next of kin, her son Roger. She provided for a trust, with the income therefrom to be paid to Roger during *335 lifetime and, at his death, to his children, until the decease Ithe last survivor of such children, and upon the death of such Irvivor the trust estate to vest in and be distributed to testa-ra’s lineal descendents. The brother and sisters of testatrix, ] well as Roger’s widow, were given nothing under the will ept upon the sole condition that Roger predecease testatrix, ich event did not happen. Roger survived his mother but d without children, leaving his widow as his sole heir. It is •vious that, since testatrix’s brother and sisters could take thing, at the death of testatrix, the condition upon which they re to take having become impossible of fulfillment, there was t a trust estate in Roger for life, with an undisposed of de-asible remainder.
Since the law strongly favors the vesting of estates and owns upon their remaining in nubibus or in gremio le gis, the pmainder, by inexorable logic, became either a part of testa-ix’s residuary estate or descended under the laws of intestacy, feasible, of course, in the event Roger became the father of .ildren, which did not happen.
In item four of her will, the entire residue of the property If testatrix was devised and bequeathed to Roger, to be his absolutely and forever, and, under the statute of descent and distribution, Roger was the sole heir and next of kin of testatrix.
It follows that, not only by her expressed intention but by ‘he rules of law, it is clear that testatrix desired her property ;o remain within her blood line only if Roger did not survive ier, as she gave nothing to her brother and sisters under any )ther circumstances. If Roger did survive her, apparently she lesired that he and his issue have all her property. She expressed that desire strongly in the residuary clause of her will, and she must have known that he would be her sole heir under the statute of descent and distribution. Such a desire is not only clearly expressed in the will which testatrix drew but is en-jftirely consistent with maternal instincts. I am of the opinion ?that, by virtue of testatrix’s will, her son Roger’s widow, and | not her brother and sisters, is entitled to the trust estate.
Taft and Hebiert, JJ., concur in the foregoing dissenting ! opinion.